UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

ARI WEITZNER, M.D., P.C., et al.,

                Plaintiffs,     ORDER

    - against -                CV 2005-2533 (SLT)(MDG)

SCITON, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - X

    By letter filed on September 5, 2006, Todd C. Bank, counsel for plaintiff Ari Weitzner, M.D., P.C., seeks an additional three hours to complete the deposition of defendant's Rule 30(b)(6) witness, Dale Koop. See ct. doc. 30. Defendant objects on the basis that "[it] made Mr. Koop available for nine and a half hours"[1] and that plaintiff fails to show good cause to warrant additional time. See ct. doc. 31 at 3.

    After review and consideration of the parties' submissions, plaintiff's application is granted.

## DISCUSSION

    Rule 30(d)(2) provides, in pertinent part, that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must

---

[1] The actual time spent for questioning was seven hours. On August 17, 2005, the parties engaged in approximately five hours of questioning, see Koop 8/17/06 Dep. Tr. at 2, 205, and resumed the deposition for an additional two hours on August 30, 2006. See Koop 8/30/06 Dep. Tr. at 7.

allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent ..." Fed. R. Civ. P. 30(d)(2) (emphasis added). The Advisory Committee Notes on the 2000 Amendments to Fed. R. Civ. P. 30(d) state that "it is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court," and that "preoccupation with timing is to be avoided." Advisory Committee Notes on the 2000 Amendments to Fed. R. Civ. P. 30(d).

Based on my review of the deposition transcripts, plaintiff clearly could have been more efficient in conducting the deposition by supplying the witness with pre-marked exhibits or identifying the bates stamped numbers in advance of the deposition. Nevertheless, I find that even had plaintiff's counsel provided exhibits in advance, he would have required more than seven hours to conduct a fair examination of the witness. Given the complexity of the claims, the number of documents produced during discovery,[2] and the absence of any indication that the additional time requested is for the purpose of harassing the witness, this Court finds that additional time is warranted.

Last, this Court is constrained to note that defendant was closely keeping track of the duration of the deposition

---

[2] Defendant provided plaintiff with 4,679 pages in response to Plaintiff's Request for Documents. See ct. doc. 30 at 1.

proceedings.[3]  The seven hour presumptive limit is not a call for meticulous time-keeping.  Defendant's insistence on exactitude here is contrary to the expectation that parties will accommodate their adversary's reasonable request for additional time.

CONCLUSION

Plaintiff is permitted to depose Mr. Koop for up to three additional hours.[4]  At least two business days before the scheduled deposition, plaintiff is directed to provide Mr. Koop with pre-marked exhibits or designations of the bates stamped numbers of the documents already sent.

**SO ORDERED.**

Dated:    Brooklyn, New York
          September 15, 2006

                                        /s/
                                        ―――――――――――――――――――――
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE

―――――――――――――――――――――

[3] See Koop 8/17/06 Dep. Tr. at 205; see also Koop 8/30/06 Dep. Tr. at 6, 101-02.

[4] The only time to be counted is the time occupied by the actual deposition, not including reasonable breaks during the day for lunch and other reasons.  See Notes of Advisory Committee on 2000 Amendments to Fed. R. Civ. P. 30(d).