UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

ARI WEITZNER M.D.,

                      Plaintiff,          ORDER

        - against -                       CV 2005-2533 (SLT)(MDG)


SCITON, INC.,
                      Defendant.

- - - - - - - - - - - - - - - - - - - X


    This is an action brought under the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227, to recover statutory

damages for the transmission of unsolicited advertisements sent

by telecopier.  By letter dated December 21, 2006, defendant

Sciton, Inc. seeks a stay of discovery pending disposition of an

appeal in Bonime v. Avaya, Inc., 06-CV-1630 (CBA), a case also

involving claims brought under the TCPA.  Ct. doc. 55.  In

Bonime, the Honorable Carol Bagley Amon held that because New

York law governing class actions is substantive and should be

applied to TCPA claims, the Court lacked subject matter

jurisdiction over the plaintiff's claims.


                          DISCUSSION

    A party seeking a stay of discovery pursuant to Fed. R. Civ.

P. 26(c) bears the burden of showing good cause.   Spencer Trask

Software & Info. Servcs., LLC v. Post Int'l Ltd., 206 F.R.D. 367,

368 (S.D.N.Y. 2002); Hachette Distribution, Inc. v. Hudson County

<u>News Co.</u>, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). The pendency of a dispositive motion is not, in itself, an automatic ground for a stay. <u>Spencer</u>, 206 F.R.D. at 268. Rather, a court determining whether to grant a stay of discovery pending a motion must look to the "particular circumstances and posture of each case." <u>Hachette Distribution, Inc. v. Hudson County News. Co.</u>, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Factors to be considered include: whether the motion to dismiss has substantial grounds, <u>Chrysler Capital Corp. v. Century Power Corp.</u>, 137 F.R.D. 209, 211 (S.D.N.Y. 1991); "the type of motion and whether it is a challenge as a 'matter of law' or to the 'sufficiency' of the allegations; the nature and complexity of the action; ... the posture or stage of the litigation; [and] the expected extent of discovery...." <u>Hachette</u>, 136 F.R.D. at 358; <u>see also</u> <u>Moran v. Flaherty</u>, No. 92 Civ. 3200 (PKL), 1992 WL 276913 at *1, 1992 U.S. Dist. LEXIS 14568 at *3 (S.D.N.Y. Sept. 25, 1992).

After a preliminary review of Judge Amon's decision in <u>Bonime</u>, as well as plaintiff's memorandum for reconsideration in that case, I find that stay is not warranted at this junction. While I find Judge Amon's reasoning persuasive that state rules on class actions should be applied in this diversity action, the law is not clear on this issue. In any event, a comparable holding in this case would not extinguish plaintiff's claims here, as plaintiff would still have a right to bring suit on his individual claims in state court.

-2-

This case has been pending for more than a year and a half. At an initial conference on August 16, 2005, this court issued a scheduling order with various deadlines for completion of class and other discovery. Nonetheless, discovery apparently had come to a halt by the time plaintiff filed a letter application addressed to the Honorable Sandra L. Townes[1] (ct. doc. 21) seeking a stay on consent pending appeal of a decision in Gottlieb v. Carnaval Corp. holding that federal courts lack diversity jurisdiction over the claims brought under the TCPA. See id., 367 F. Supp.2d 301 (E.D.N.Y. 2005), rev'd 436 F.3d 335 (2d Cir. 2006). Class discovery is nearing completion in this case with the deposition of Bibiana Davidson and other discovery issues addressed at a conference on December 5, 2006. Given the difficulty in arranging for Ms. Davidson's deposition, who is no longer employed by plaintiff, and the fact that much of the class discovery is intertwined with merits discovery, it makes little sense at this late date not to complete the small amount of class discovery remaining.

However, since there is a serious question whether Rule 23 of the Federal Rules of Civil Procedure will apply in this case, the schedule for serving a motion for class certification is suspended. Instead, defendant may submit a letter to Judge

---

[1] This Court considers a request for a stay of discovery a matter within my general pretrial reference authority. Of course, any side may file objections to this order or any other ruling made. See Fed. R. Civ. P. 72(a).

Townes seeking a pre-motion conference to dismiss the class claims and plaintiff's individual claim for failing to meet the jurisdictional amount for diversity jurisdiction. Such letter should be filed by February 2, 2007 and any response must be filed by February 9, 2007.

## CONCLUSION

For the foregoing reasons, defendant's application for a stay is denied and the prior scheduling order amended as set forth above. However, this ruling is without prejudice to defendant to make a further application for a stay if plaintiff conducts any additional discovery on the substantive claims which defendant contends is overly extensive or unduly burdensome.

**SO ORDERED.**

Dated:     Brooklyn, New York
           December 27, 2006

                              _/s/_____
                              MARILYN D. GO
                              UNITED STATES MAGISTRATE JUDGE