```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
ARI WEITZNER, M.D., P.C., Individually and on
Behalf of All Others Similarly Situated,

                        Plaintiff,
         -v-                                                              ORDER

SCITON, INC.,                                                             05-CV-2533 (SLT)(MDG)

                        Defendant.
----------------------------------------------------------------------x
```
**TOWNES, United States District Judge:**

Plaintiff, Ari Weitzner, M.D., P.C., brings this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that, on or about April 26, 2005 and May 10, 2005, defendant Sciton, Inc., faxed unsolicited advertisements to his place of business. Plaintiff sues on his own behalf, and, pursuant to Federal Rule of Civil Procedure 23, he seeks to represent a class of all persons and entities to whom defendant faxed similar advertisements. Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Plaintiff must establish a basis for federal jurisdiction either by raising a federal question (28 U.S.C. § 1331), or by satisfying the requirements of complete diversity of citizenship among all the plaintiffs and all the defendants plus the statutory minimum amount in controversy (28 U.S.C. § 1332). The TCPA does not create federal question jurisdiction under 28 U.S.C. § 1331. See Foxhold Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd., 156 F.3d 432, 436-37 (2d Cir. 1998). Plaintiff seeks to establish diversity jurisdiction. He seeks to satisfy the requirement of the minimum amount in controversy prong by resorting to a claim of jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), under which the claims for statutory damages of each member of the class may be aggregated. Defendant argues that

New York Civil Practice Law and Rules (CPLR) § 901(b), which precludes bringing a class action in New York Courts under TCPA, applies to defeat federal jurisdiction.

Defendant correctly notes that to decide the issue of jurisdiction, this Court must decide "whether plaintiff can proceed with its TCPA claim in federal court on behalf of a class, or whether CPLR § 901(b) continues to apply to plaintiff's TCPA class claim in federal court." See Defendant's Memo at 12. Several Judges in this District have considered and decided this issue in actions brought in this district. The first, Bonime v. Avaya, Inc., 06-CV-1630 (CBA), 2006 WL 3751219 (E.D.N.Y. Dec. 20, 2006), was decided by the Honorable Carol B. Amon. She concluded that C.P.L.R. § 901(b) is substantive rather procedural law. As such, § 901(b) must be applied, pursuant to Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), by a Court sitting in diversity. The Court agrees with and adopts this ruling and that of subsequent decisions reached on this issue by other judges in this district.[1] Application of § 901(b) bars plaintiff from maintaining a TCPA class action in this Court just as it does in New York courts.

Defendant's motion to dismiss for lack of subject matter jurisdiction is therefore granted. The Clerk of Court is directed to close this case.

SO ORDERED.

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
       September 27 , 2007

---

[1] Additional decisions in this District granting defendants' motion to dismiss a purported class action under the Telephone Consumer Protection Act for lack of federal subject matter jurisdiction include, Holster III v. Gatco, Inc., 485 F.Supp. 2d 179 (E.D.N.Y. 2007), Gratt v. Etourandtravel, Inc., 06-CV-1631, 06-CV-1965, 2007 WL 2693903, *1 (E.D.N.Y. Sept. 10, 2007) and Weitzner, M.D., P.C. v. Syneron, Inc., 05-CV-5299, (E.D.N.Y. filed Sept. 10, 2007).