UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARI WEITZNER, M.D., P.C., individually and
on behalf of all others similarly situated,

                         Plaintiff,                        **MEMORANDUM and ORDER**

           — against —                             05-CV-2533 (SLT)(MDG)

SCITON, INC.,

                         Defendant.
-----------------------------------------------------------------X

**TOWNES, United States District Judge[1]:**

      Plaintiff, Ari Weitzner, M.D., P.C. ("plaintiff"), commenced this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that, on or about April 26, 2005 and May 10, 2005, defendant, Sciton, Inc. ("Sciton" or "defendant"), faxed unsolicited advertisements to his place of business. On September 28, 2007, this Court issued an Order, granting defendant's motion to dismiss for lack of subject matter jurisdiction, and, on October 1, 2007, judgment was entered in defendant's favor. Thereafter, on October 19, 2007, plaintiff filed a motion for reconsideration of the Order, pursuant to Local Civil Rule ("Local Rule") 6.3. For the reasons set forth below, plaintiff's motion for reconsideration is DENIED.

## DISCUSSION

      Plaintiff cites only to Local Rule 6.3 as the basis for his motion for reconsideration. That Rule requires this Court to initially construe the motion as one pursuant to Rule 59(e). *See In re New York Community Bancorp, Inc.,* 244 F.R.D. 156, 159 (E.D.N.Y. 2007) ("The standards set forth in both Fed. R. Civ. P. 59(e) and Local Rule 6.3 are identical."). However, "[a] motion to reconsider is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the

---

[1]The Court wishes to acknowledge the capable assistance of a student intern, Michael Gibek of Hofstra University School of Law, in the preparation of this Memorandum and Order.

challenged order and as a Rule 60(b) motion if filed thereafter." *Liore v. County of Westchester*, No. 03 CV 6795, 2006 WL 692022, at *1 (S.D.N.Y. Mar. 14, 2006) (quoting *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993)); *see also* Local Rule 6.3. To be timely under Rule 59(e), "a motion must be filed within 10 days after entry of the judgment, computed in accordance with Fed. R. Civ. P. 6(a), with intermediate Saturdays, Sundays, and legal holidays excluded."[2] *Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 401 (2d Cir. 2000). As a result, the Court must treat plaintiff's motion as one under Rule 60(b) because it was not filed until the ten-day window had closed.[3] *See, e.g., id.* at 403 (where "[t]he instant motion was not filed within 10 days after entry of the judgment, and therefore fell outside the "uncompromisable" 10-day period for filing a Rule 59(e) motion.").

Relief under Rule 60(b) is limited; courts may vacate or modify a final judgment or order for the following reasons:

>   (1)   mistake, inadvertence, surprise, or excusable neglect;
>
>   (2)   newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3)   fraud . . . misrepresentation, or other misconduct of an adverse party;
>
>   (4)   the judgment is void;
>
>   (5)   the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or

---

[2] The ten-day time limit for motions for reconsideration is "uncompromisable" and cannot be extended. *See Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 401 (2d Cir. 2000). In addition, Local Rule 6(b) provides, in pertinent part, that the district court "may not extend the time for taking any action under Rules . . . 59(e) . . . and 60(b)." Fed. R. Civ. P. 6(b); *see also Lichtenberg*, 204 F.3d at 401 (finding that Rule 6(b) "denies the court power to extend the time for a[ ] Rule 59(e) motion").

[3] On October 1, 2007, judgment was entered, closing this action, and a timely Rule 59(e) motion was required to be filed on or before October 16. Plaintiff's motion, however, was filed on October 19. *See* Fed. R. Civ. P. 6.

2

>  otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> 
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The Second Circuit has instructed that relief under Rule 60(b) can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations and quotation marks omitted). A motion for reconsideration is not one in which a party may reargue "those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). "The parties may not address facts, issues or arguments not previously presented to the Court, because a motion to reconsider should never act as a substitute for appealing from a final judgment." *Wong v. Healthfirst, Inc.*, No. 04-CV-10061, 2007 WL 1295743, at *1 (S.D.N.Y. Apr. 25, 2007) (internal citation omitted).

Here, plaintiff has failed to state a legally sound basis for this Court to overturn its prior Order dismissing this action. Instead of arguing that one of the grounds in Rule 60(b) applies here, plaintiff raises substantially the same arguments he previously made in opposition to defendant's motion to dismiss. As the Court recognized in the prior Order, plaintiff is barred "from maintaining a TCPA class action in this Court just as [he is] in New York courts." Order dated September 27, 2007, p . 2.

3

In dismissing plaintiff's claim for want of federal subject matter jurisdiction, this Court explicitly "agree[d] with and adopt[ed]" the decisions reached on this issue in *Bonime*, *Holster*, *Syneron*, and *Gratt*. In these four cases, the courts faced factual scenarios similar to the one at bar, and concluded that a class action under the TCPA was jurisdictionally barred. Plaintiff's repeated disagreements with the rationale in *Bonime* and *Holster*, without more, provides this Court with no basis under Rule 60(b) to overturn its prior Order. Accordingly, plaintiff's motion for reconsideration is denied.[4]

**CONCLUSION**

For the reasons set forth above, plaintiff's motion for reconsideration of this Court's Order, dated September 27, 2007, is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
April 22, 2008

Sandra L. Townes

SANDRA L. TOWNES
United States District Judge

[4]This Court acknowledges that the issue raised in the underlying motion, which plaintiff attempts to reargue on this motion for reconsideration, is currently before the Second Circuit. *See Holster v. Wirtenberg Asso. Inc.*, No. 07-2191-CV (2d Cir. *filed on* May 17, 2007); *Bonime v. Avaya, Inc.*, No. 07-1136-CV (2d Cir. *filed on* Mar. 13, 2007).